Taliaferro, J.
Each of the defendants is sued for a pro rata amount of tax claimed by the plaintiff to be owing by them under the provisions of an ordinance of the city of Shreveport providing for the grading and macadamizing of Commerce street. A tax for this purpose was levied sometime in the year 1871, under an act of the Legislature, approved March, 1869, providing for the improvement of the streets, etc., of said city. The plaintiff alleges that the work has been done under contracts properly entered into, and claims a lien and special privilege on the lots of the defendants in front of which these improvements have been made, as security for the payment of the defendants’ shares of the tax imposed for the purposes aforesaid.
The defense is, that at the time this special tax was levied and the contract awarded, the present charter of the city of Shreveport (that of 1871) had become operative; and further, that the charter of 1871 abrogated act No. 109 of the Legislature, approved March 9, 1869, under which the city was authorized to levy the tax, a pro rata of which is claimed from the defendants.
There was judgment in the court below in favor of the defendants and the plaintiff has appealed.
The controversy is to be decided by determining the state of facts that exist as to the date at which the act establishing the charter of 1871 went into operation. The charter of 1871 was approved by the Governor on the twenty-seventh April, 1871. The act went into effect as defendants contend, from and after its passage, and that it repealed all laws or parts of laws in conflict with it. The act contains that provision ; but the last clause of the 21 st section of the act, the plaintiff contends, controls that provision as to the time of its taking effect. That clause provides that “upon the organization of the council of the city of Shreveport as provided for in this act all the rights, powers, privileges and immunities possessed and enjoyed by the mayor and city of Shreveport, as at present constituted, should cease and terminate and be vested in the city of Shreveport as established by this act.” We find frpm the record that the council appointed under the new charter met first for the purpose of organization on the twenty-seventh of May, 1871. No authority was exercised by that council under the new charter prior to that time. Some delay seems to have occurred after the passage of the act creating the new municipal government in the matter of appointing the officers by the Governor. It is shown that the contract for macadamizing Commerce street was awarded to the undertakers on the third of May, 1871, and that the assessment to *638 pay for the work was ordered on the eighth of that month. These acts were done under the authority conferred by the act of the Legislature of March 9, 1869. The power to impose special taxes upon front proprietors for the improvement of streets lying in front of their property, the defendants do not' deny to have existed under the act just referred to.
The defendants contend that the charter of 1871 forbids the council from enforcing the collection of special taxes on front proprietors for the purpose of defraying the expense of improving streets in front of their property; that there is an inconsistency in this respect between the provisions of the two acts, and therefore that the act of 1869 is repealed; while on the other hand it is held that the mode prescribed by the new act (that of 1871, section 17), for improving and paving the streets and the method of providing for the payment for such work is not exclusive, and does not prohibit the municipal authorities from adopting any other mode recognized and permitted by existing laws, leaving the matter within the discretion of the council to adopt the mode pursued by council acting under the law of 1869, or not, as in its judgment the public interests may require, and that nothing forbids it from exercising the general power conferred by the 10th section of the new charter or that specially given by the act of 1869.
We are inclined to adopt the views of this subject presented on the part of the defendants, and conclude that at the time the contract was entered into by the council then acting (May 3, 1871) for work on Commerce street, and the assessment made on the eighth of that month to pay for it, the power or authority therebefore existing under the act of 1869, to sanction such action of the council was abrogated and did not exist; because the act establishing the new charter was approved by the Governor as we have seen on the twenty-seventh of April, 1871, and went into effect from and after its passage. The council deriving its powers from the act of 1869, in virtue of the constitutional provision on that subject, recognized by the 21st section of the new charter, held over and remained in office until the organization of the new council to be appointed under the new charter; but it was from and after the passage of the act of twenty-seventh April shorn of the powers it previously possessed under the law of 1869. From and after the passage of the act of twenty-seventh April, 1871, it could only exercise the powers granted under that act, and these do not authorize the contract and assessment made in May, 1871.
It is therefore ordered that the judgment appealed from be affirmed, with costs.